IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TIMOTHY B. McCREA,

     Plaintiff,                      No. CIV S-10-0061 GGH P

    vs.

D. RAMIREZ, et al.,

     Defendants.                ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff's consent to the jurisdiction of the undersigned was docketed on February 12, 2010 (docket # 6).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected

and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

Plaintiff has submitted a complaint of 234 pages, most of it in the form of exhibits. <u>See</u> docket # 1, filed on January 8, 2010. Evidently not satisfied with the extent of this submission, plaintiff subsequently submitted some 77 additional pages of exhibits (thus, he has cumulatively filed more than three hundred pages).[1] Docket # 5, filed on January 13, 2010. However, although plaintiff names three defendants, all of them specifically in their individual capacities (complaint, pp. 1, 3), Correctional Officer (C/O) D. Ramirez and two correctional lieutenants, J. L. Pulsipher and S. Hall, plaintiff, despite the cascade of pages fails to set forth plainly his allegations against them within the body of the complaint. Instead, plaintiff groups the documents he is attaching in his "statement of claim," stating that at # 1, he includes "[f]abricated documents of crime incident reports (excessive force), resulting in violation of due process," thereafter listing the names of ten officers allegedly involved in the crime incident report, only one of whom (defendant Ramirez) is among the three named defendants. Complaint, p. 3. At # 2, plaintiff includes documents related to "[m]edical due to mental duress, stress," claiming that he was "diagnosed with Bell's Palsy to the left side of his face as a direct result from violation of due process on 3-6-06, 0978 hrs. while in Ad Seg." Id. At # 3, plaintiff includes "[f]abricated documents and falsified records," apparently involving defendants Pulsipher and Hall. Id. Plaintiff also includes "additional supporting documents" in the form of correspondence between the Solano County District Attorney and plaintiff regarding the criminal prosecution of plaintiff from a report referred from California Medical Facility (apparently

---

[1] Plaintiff's effort to supplement his complaint in a separate filing does not comport with Local Rule 220, which requires that an amended or supplemented filing be "complete in itself."

3

arising from a prison disciplinary action against plaintiff) to the D.A. which was ultimately rejected on April 5, 2006.  Id.  Plaintiff also states that he includes other exhibits related to his claims.  Id.  Plaintiff seeks a form of declaratory relief and money damages, including punitive damages.  Id.

The problem, however, is that plaintiff, immediately after providing the insufficiently enlightening list above, has thereafter proceeded simply to attach a massive amount of exhibits which constitute almost the entirety of his filing, apparently anticipating that the court will ferret through them to formulate plaintiff's claims for him.  While plaintiff is free to attach exhibits to his complaint to illuminate his claims, he cannot simply skip over the framing of colorable claims in order to proceed.

Fed. R. Civ. P 8 sets forth general rules of pleading in the federal courts.  Complaints are required to set a forth (1) the grounds upon which the court's jurisdiction rests, (2) a short and plain statement of the claim showing entitlement to relief; and (3) a demand for the relief plaintiff seeks.  Rule 8 requires "sufficient allegations to put defendants fairly on notice of the claims against them." McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991)).  Accord Richmond v. Nationwide Cassel L.P., 52 F.3d 640, 645 (7th Cir. 1995) (amended complaint with vague and scanty allegations fails to satisfy the notice requirement of  Rule 8.)

It is unclear whether plaintiff seeks to frame claims both of excessive force and of due process violations.  To the extent that he seeks money damages due to alleged due process violations with respect to any prison disciplinary conviction, plaintiff may be barred from proceeding under Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994).  In Heck, an Indiana state prisoner brought a civil rights action under § 1983 for damages.  Claiming that state and county officials violated his constitutional rights, he sought damages for improprieties in the investigation leading to his arrest, for the destruction of evidence, and for conduct during his trial ("illegal and unlawful voice identification procedure").  Convicted on voluntary manslaughter charges, and serving a fifteen year term, plaintiff did not seek injunctive relief or release from

custody. The United States Supreme Court affirmed the Court of Appeal's dismissal of the complaint and held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under 1983.

Heck, 512 U.S. at 486, 114 S. Ct. at 2372. The Court expressly held that a cause of action for damages under § 1983 concerning a criminal conviction or sentence cannot exist unless the conviction or sentence has been invalidated, expunged or reversed. Id.

In Edwards v. Balisok, 520 U.S. 641, 117 S. Ct. 1584 (1997), the Supreme Court held that Heck applies to challenges to prison disciplinary hearings when the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment. Edwards rejected the Ninth Circuit's holding in Gotcher v. Wood, 66 F.3d 1097, 1099 (9th Cir. 1995) that a claim challenging only the procedures employed in a disciplinary hearing is not barred by Heck. In other words, in order to proceed on claims of due process violations arising from a prison disciplinary conviction, plaintiff would first have to show that the conviction had been invalidated or overturned.

On the other hand, Heck does not bar excessive force claims because a judgment in favor of plaintiff does not "necessarily imply the invalidity of his conviction or sentence." Guerrero v. Gates, 442 F.3d 697, 703 (9th Cir. 2006). The complaint will be dismissed, but plaintiff will be granted leave to amend.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms

how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Plaintiff is cautioned in any amended pleading to set forth his allegations against each defendant plainly; he is not to simply attach voluminous exhibits. *In any amended pleading, plaintiff will be limited to thirty pages, which may include no more than twenty pages of exhibits*. Plaintiff, should he frame colorable claims in an amended complaint and this action proceed, may be able to rely on the exhibits he has previously submitted at a later point of the litigation, but the submission of an excessive number of exhibits at this point is not apposite.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The complaint is dismissed for the reasons discussed above, *with leave to file an amended complaint of no more than thirty pages, only twenty pages of which may be exhibits*,

1 | within twenty-eight days from the date of service of this order.  Failure to file an amended
2 | complaint will result in a recommendation that the action be dismissed.
3 | DATED: May 3, 2010

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
mccr0061.bnf