IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TIMOTHY B. McCREA,

      Plaintiff,                           No. CIV S-10-0061 GGH P

   vs.

D. RAMIREZ, et al.,

      Defendants.               ORDER

_____/

      Plaintiff's original complaint was dismissed with leave to file an amended complaint. See Order, filed on May 3, 2010. Plaintiff has consented to the jurisdiction of the undersigned. See Docket # 6. Plaintiff was granted an extension of time file an amended complaint by order filed on May 26, 2010. Plaintiff filed an amended complaint.

      As plaintiff was previously informed, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint (or amended complaint) or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

      A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

1

Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, No. 07-1015, 2009 WL 1361536 at * 12 (May 18, 2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

Although plaintiff has made an effort to cure the defects of his original complaint, he has not been able to frame colorable claims. Plaintiff alleges that on January 10, 2006, defendant Correctional Officer (C/O) Ramirez used excessive force in violation of plaintiff's constitutional rights when he tried to hit plaintiff with a baton while plaintiff was already face-

down and prone on the ground.  Amended Complaint (AC), p. 3.  However, instead of hitting plaintiff, defendant Ramirez hit C/O Rayfield (not named as a defendant), breaking C/O Rayfield's right hand, resulting in an extended disability leave for Rayfield.  Id.  In order to justify his use of excessive force, plaintiff continues, defendant Ramirez fabricated a Rules Violation Report (RVR) to conceal his own wrongdoing and to show that it was plaintiff, and not himself, who was out of control.  Id.  Plaintiff was placed in administrative segregation (Ad Seg), pending the resolution of the RVR and the outcome of the referral of the incident to the Solano County District Attorney's Office.  Id.

Plaintiff alleges that defendant A. Smith of the California Medical Facility (CMF) Investigative Services Unit (ISU) signed documentation indicating that the Solano County District Attorney's Office had accepted the RVR incident for criminal prosecution on February 22, 2006.  AC, pp. 3-4, Exhibit (Ex.), p. 10.  Defendant Smith, on April 18, 2006, then informed plaintiff that the D.A. had advised that criminal charges would not be filed.  AC, p. 3, Ex., p. 11.  Plaintiff alleges his due process and equal protection rights were violated as a result of the ISU's (presumably through the person of defendant Smith) "fabricating" criminal prosecution documents which led to the development of plaintiff's "severe facial paralysis (Bell's Palsy) to the complete left side of the face," which was diagnosed on March 30.  AC, p. 4.  Plaintiff also claims that this medical condition has resulted "in permanent nerve damage and disfigurement...."  Id.  He further claims that the medical condition is a direct result of the cruel and unusual punishment to which he was subjected by defendant Ramirez and unnamed others who "manipulated the process leaving plaintiff confined in Ad[] Seg[] for nine months."  Id.  Plaintiff claims that at the June 15th RVR hearing, the hearing officer dismissed the RVR "which is a favorable disposition" and in September, plaintiff was transferred to Corcoran III.  Id.  Plaintiff also alleges that defendant M. Cry deliberately obstructed plaintiff in the filing of his grievances and deprived him of his right of access to the courts.  AC, p. 4.  Plaintiff seeks declaratory relief and money damages, including punitive.  Id. at 3.

As to plaintiff's claim of excessive force against defendant Ramirez for swinging at plaintiff but hitting another correctional officer is wholly frivolous.  "[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is...whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7,112 S. Ct. 995, 999 (1992), citing Whitley v. Albers, 475 U.S. 312, 106 S.Ct. 1078 (1986).  When determining whether the force was excessive, we look to the "extent of the injury..., the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" Hudson, supra, at 7, 112 S. Ct. at 999.

While de minimis uses of physical force generally do not implicate the Eighth Amendment, significant injury need not be evident in the context of an excessive force claim, because "[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated." Hudson, supra, at 9, 112 S. Ct. at 1000, citing Whitley, at 327, 106 S.Ct., at 1088.  In this instance, plaintiff appears to be seeking to have the injury sustained by another be transferred to him but there is no such thing as transferred intent in the context of an excessive force claim.

Nor does plaintiff frame a claim of retaliation against defendant Ramirez because in order to do so plaintiff must plead facts which suggest that retaliation for the exercise of protected conduct was the "substantial" or "motivating" factor behind the defendant's conduct. See Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989).  The plaintiff must also plead facts which suggest an absence of legitimate correctional goals for the conduct he contends was retaliatory.  Pratt at 806 (citing Rizzo at 532).  Verbal harassment alone is insufficient to state a claim.  See Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987).  However, even threats of bodily injury are insufficient to state a claim, because a mere naked threat is not the equivalent of doing the act itself.  See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir.

4

1987).  Mere conclusions of hypothetical retaliation will not suffice, a prisoner must "allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." Frazier v. Dubois, 922 F.2d 560, 562 (n. 1) (10th Cir. 1990).

Plaintiff's own statement at the RVR hearing, which plaintiff includes as an exhibit, indicates that while defendant Ramirez yelled at him as plaintiff returned to his cell to retrieve his ID card, plaintiff began throwing cleaning supplies out the door of his cell.  AC, p. 21.  Plaintiff states that Ramirez' yelling and disrespecting him led plaintiff to swing at him.  Id. Even assuming that defendant Ramirez falsified an RVR against plaintiff, however, plaintiff does not thereby set forth a claim of a violation of due process for his alleged nine months of administrative segregation.  "Typically, administrative segregation in and of itself does not implicate a protected liberty interest."  Serrano v. Francis, 345 F.3d 1071, 1078 (9th Cir. 2003, citing Sandin v. Connor, 515 U.S. 472, 486 115 S. Ct. 2293 (1995).   Plaintiff has not alleged sufficient facts to indicate that the conditions of administrative segregation constituted an "atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." Sandin, supra, 515 U.S. at 484, 115 S. Ct. at 2300.[1]  Defendant Ramirez will be dismissed with one further opportunity granted for plaintiff to amend his claim as to this defendant.

Nor does plaintiff frame a colorable claim against defendant Smith for Smith's having at first indicated that the RVR incident had been accepted for criminal prosecution (on

---

[1] Plaintiff is not entitled post-Sandin to the procedural requisites identified by the Ninth Circuit in Toussaint v. McCarthy, 801 F.2d 1080, 1114 (9th Cir. 1986) for a disciplinary hearing resulting in Ad Seg placement.  See Dunn v. Castro, No. 08-15957, ___ F.3d ___, 2010 WL 3547637 * 6 (9th Cir. Sept. 14, 2010), recognizing abrogation of Toussaint by Sandin.  Thus, in Sandin, "the practice of looking to prison regulations to determine whether a liberty interest is invoked by an administrative segregation" was abandoned in favor of "a return to examining the circumstances of confinement in determining whether a liberty interest is implicated." Clement v. Dillard, 1995 WL 463667 *1 (N.D. Cal. 1995) citing Sandin [515 U.S. at 483-484, 115 S. C.t 2293], which looks to whether the placement "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."   The High Court has found that placement in a highly restrictive "supermax" Ohio prison did implicate a liberty interest, entitling prisoners to due process before placement there, applying the Sandin standard. Wilkinson v. Austin, 545 U.S. 209, 223-224, 125 S. Ct. 2384 (2005).

1  February 22, 2006) and then two months later (on April 18, 2006) having advised plaintiff that
2  criminal charges would not be filed by the Solano County District Attorney.  AC, pp. 10-11.  As
3  Deputy District Attorney Harris explained to plaintiff in a letter dated June 29, 2006, the form
4  that CMF/ISU uses to indicate that an incident has been accepted for criminal prosecution should
5  have stated that the incident was being accepted for further review.  AC, p. 16.  However, it is
6  difficult to see how defendant Smith could remotely be implicated for using a CMF form in
7  February of 2006, for plaintiff's subsequent Bell's Palsy condition, apparently diagnosed in July
8  or August of 2006, notwithstanding that plaintiff, within the body of his complaint, alleges he
9  was diagnosed on March 30.  AC, pp. 12-14.  Although it is unclear whether the condition was
10 related solely to stress plaintiff was under, the medical report, dated August 9, 2006, indicates the
11 condition was resolving, again notwithstanding that plaintiff alleges within his amended
12 complaint that he has suffered permanent nerve damage and disfigurement.  Id.  "The court need
13 not accept as true allegations that contradict matters properly subject to judicial notice or by
14 exhibit."  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  Defendant
15 Smith will be dismissed without leave to amend

16          As to his allegations against defendant Cry, prisoners do not have a "separate
17 constitutional entitlement to a specific prison grievance procedure."  Ramirez v. Galaza, 334
18 F.3d 850, 860 (9th Cir. 2003), citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  Even
19 the non-existence of, or the failure of prison officials to properly implement, an administrative
20 appeals process within the prison system does not raise constitutional concerns.  Mann v. Adams,
21 855 F.2d at 640.  See also, Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); Flick v. Alba,
22 932 F.2d 728 (8th Cir. 1991).  Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D.Ill. 1982) ("[A
23 prison] grievance procedure is a procedural right only, it does not confer any substantive right
24 upon the inmates.  Hence, it does not give rise to a protected liberty interest requiring the
25 procedural protections envisioned by the fourteenth amendment").  Specifically, a failure to
26 process a grievance does not state a constitutional violation.  Buckley, supra.  State regulations

give rise to a liberty interest protected by the Due Process Clause of the federal constitution only if those regulations pertain to "freedom from restraint" that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. at 484, 115 S. Ct. at 2300.[2]

Nor does plaintiff frame a colorable claim of a violation of his right of access to the courts against defendant Cry. Plaintiff has not met the requisite "actual injury" necessary to support a claim for denial of access to the courts under the First Amendment. Lewis v. Casey, 518 U.S. 343, 351-53, 355, 116 S. Ct. 2174 (1996) (prisoner must allege actual injury). The court held that before a denial of access to the courts claim can go forward, an inmate must "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." Id. Accordingly, before a claim of denial of access to the courts can proceed, an inmate must demonstrate that he was precluded or thwarted in his efforts to present a legally or factually arguable claim to the courts. Plaintiff has failed to do so in this instance. Plaintiff's claims of a violation of due process and of a denial of his right to access the courts against defendant Cry will be dismissed without further leave to amend.

As to defendants Smith and Cry, "[u]nder Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely." Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000). See also, Smith v. Pacific Properties and Development Corp., 358 F.3d 1097, 1106 (9th Cir. 2004), citing Doe v. United States, 58 F.3d 494, 497(9th Cir.1995) ("a

---

[2] "[W]e recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause. See also Board of Pardons v. Allen, 482 U.S. 369, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987). But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, see, e.g., Vitek v. Jones, 445 U.S. 480, 493, 100 S.Ct.1254, 1263-1264 (transfer to mental hospital), and Washington[ v. Harper], 494 U.S. 210, 221- 222, 110 S.Ct. 1028, 1036-1037 (involuntary administration of psychotropic drugs), nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, supra.

district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts."). "[A] district court retains its discretion over the terms of a dismissal for failure to state a claim, including whether to make the dismissal with or without leave to amend." Lopez v. Smith, 203 F.3d at 1124. "The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." Metzler Inv. GMBH v. Corinthian Colleges, Inc. 540 F.3d 1049, 1072 (9th Cir. 2008), quoting In re Read-Rite Corp., 335 F.3d 843, 845 (9th Cir. 2003).

If plaintiff chooses to amend the amended complaint as to defendant Ramirez, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

\\\\\

Accordingly, IT IS ORDERED that:

1. Defendants Smith and Cry are dismissed from this action; and

2. The amended complaint is dismissed for the reasons discussed above, with leave to file a second amended complaint within twenty-eight days from the date of service of this order only as to plaintiff's claims against defendant Ramirez.  Failure to file a second amended complaint will result in a recommendation that the action be dismissed.

DATED: September 21, 2010

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
mccr0061.ord